UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CHERYL L. FENELON**                    **CIVIL ACTION NO. 18-0245**

**VERSUS**                                **JUDGE SUMMERHAYS**

**MEGAN BRENNAN**                         **MAGISTRATE JUDGE WHITEHURST**

REPORT AND RECOMMENDATION

Before the undersigned, upon referral from the district judge, is the Motion for Partial Dismissal arising under FRCP 12(b)(1) and Rule 12(c), filed by defendant Megan Brennan ("Brennan") [Doc. 51]. The motion is opposed by the *pro se* plaintiff, Cheryl L. Fenelon ("Fenelon") [Doc. 53], and the movant filed a reply brief [Doc. 54]. For the following reasons, IT IS RECOMMENDED that the motion to dismiss be GRANTED.

I. BACKGROUND

Plaintiff filed this complaint under Section 706(f) of the Civil Rights Act of 1964 against Megan Brennan, in her official capacity as Postmaster of the United States, alleging that she was subjected to discrimination on the basis of her gender and retaliation in the workplace in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1) ("Title VII"). The plaintiff also

1

alleges a claim for hostile work environment.

Plaintiff was hired as a non-career, casual (temporary) mail handler at the Postal Service's Lafayette Processing and Distribution Center in September 2012, where she was employed for four years. In her Amended Complaint, the plaintiff alleges claims of gender discrimination, hostile work environment (based upon gender), and retaliation. The plaintiff alleges that the discrimination began in late 2014. Plaintiff alleges that "although [she] was certain she was being discriminated against, and in particular, she was singled out by postal manager Brandon Batiste (a male), she did not know enough about what is required for Title VII charges." Plaintiff also alleges that "she lacked 'similarly-situation' information."

Additionally, although the plaintiff does not name the EEOC or the administrative law judge as defendants in this matter, the plaintiff alleges that the EEO process and the EEOC Administrative Judge were biased and unfair. Plaintiff initiated contact with the Postal Service's Equal Employment Opportunity ("EEO") office on three separate occasions. In the case resulting in this lawsuit, a final agency decision ("FAD") was issued on November 21, 2017.

The plaintiff filed the instant lawsuit on February 21, 2018 and amended her complaint on May 18, 2018. Thereafter, the defendant filed the instant motion to dismiss, seeking to dismiss the plaintiff's claims related to the unfairness of the EEO

2

process under Rule 12(b)(1) on grounds the defendant has not waived its sovereign immunity with respect to such claims, and therefore this this Court has no subject matter jurisdiction over such claims. The defendant also moves for dismissal of the plaintiff's gender discrimination and retaliation claims under Rule 12(c) on grounds the plaintiff fails to adequately alleges cognizable Title VII claims for discrimination and retaliation. The defendant does not seek to dismiss the plaintiff's hostile work environment claim at this time.

## II. LAW AND ANALYSIS

### A. Claims Regarding the EEO Process and EEOC AJ

In its motion to dismiss, the defendant argues that the plaintiff's claims that the EEO process and the EEOC Administrative Judge were biased and unfair are barred due to lack of waiver of sovereign immunity, and therefore, lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) provides the appropriate challenge to a federal court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in tandem with additional Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits of the case. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam). This prerequisite precludes a court without subject matter jurisdiction from prematurely dismissing a case with prejudice. *Id*.

A court may find a lack of subject matter jurisdiction in any one of three circumstances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Additionally, the party asserting jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. *Celestine v. TransWood, Inc.,* 467 F. App'x 317, 318 (5th Cir. 2012) (*per curiam*), *citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Furthermore, the burden rests upon a party who sues a federal agency to identify an unequivocal waiver of sovereign immunity. *Ramming*, 281 F.3d at 161.

In general, the United States, as sovereign, is immune from suit unless it consents to be sued. Thus, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), *citing Loeffler v. Frank*, 486 U.S. 549, 554 (1988). The party asserting jurisdiction has the burden of pleading and proving that the court has subject matter

jurisdiction and must do so by a preponderance of the evidence. *Alabama-Coushatta Tribe of Texas,* 757 F.3d at 487.

In the absence of a waiver of sovereign immunity, a court lacks subject matter jurisdiction over a claim involving the United States. *United States v. Mitchell,* 463 U.S. 206 (1983). Waivers of sovereign immunity must be construed strictly in favor of the government and may not be enlarged beyond the statutory language authorizing it, nor may they be implied. *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) (internal citations omitted).

As an initial matter, the undersigned notes that there is ambiguity regarding the plaintiff's claims that her agency administrative proceedings were unbiased and unfair. These claims are not alleged against the EEOC, which has not been made a defendant in this case. To the extent that the claims are alleged against the Postal Service – or that the actions of the Postal Service's EEO office and the administrative judge assigned to her case are somehow imputed to the Postal Service – such claims are not cognizable in this Court. In her Amended Complaint, the plaintiff asserts jurisdiction under Title VII, however, she fails to specifically allege that the United States has waived its sovereign immunity. Title VII grants jurisdiction in only three instances, none of which are applicable here. The three grants of jurisdiction under Title VII are: (1) Section 706(f)(3), 42 U.S.C. §2000e-

5(f)(3) (authorizes federal courts to hear enforcement actions brought against allegedly discriminating employers by private parties, the Attorney General, or the EEOC); (2) Section 707(b), 42 U.S.C. §2000e-6(b) (grants federal courts jurisdiction over actions brought by the Attorney General against persons engaged in a pattern or practice of resistance to the goals of Title VII); and (3) Section 717(c), 42 U.S.C. §2000e-16(c) (authorizes federal courts to adjudicate claims of employment discrimination brought by federal employees or applicants for federal employment against their federal employee). None of these sections can be construed to authorize individuals to file suit against the EEOC as the enforcement agency or bring an action against a federal agency for an alleged unfair EEO process.

42 U.S.C. §2000e-16 prohibits discriminatory practices by federal agencies and provides prerequisites and deadlines involving the administrative process for employment discrimination claims asserted against a federal agency. This statute also prescribes the EEOC's authority to enforce the provisions of Title VII and provides guidelines and rules for filing suit against a federal agency for discrimination claims. However, this section of Title VII does not provide a waiver of sovereign immunity for a claim related to an agency's alleged failure to follow rules and regulations pertaining to the EEO process, and as such, Title VII does not

grant a waiver of sovereign immunity. Moreover, Title VII generally provides remedies for employment discrimination alleged against a plaintiff's *employer*, which, clearly, the EEOC is not.

In cases where the EEOC has been named as a defendant in the lawsuit, the Fifth Circuit has recognized that Title VII confers no right of action against the EEOC under Title VII. *Gibson v. Missouri Pac.R.Co.,* 579 F.2d 890, 891 (5th Cir. 1978). In *Gibson*, the plaintiff, an engineer working for the Missouri Pacific Railroad Company, was injured in the course of his employment. The plaintiff filed suit against, *inter alia*, the EEOC for racial discrimination. In dismissing the EEOC as a defendant, the court explained:

> The action was properly dismissed as to the defendant EEOC. Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. s 2000e-5 et seq., confers no right of action against the enforcement agency. Nothing done or omitted by EEOC affected Gibson's rights. Their adverse determination could not have precluded, and in fact did not preclude, the present suit by Gibson. The relief sought of further investigation or action by the agency would be meaningless.

*Gibson*, 579 F.2d at 891.

This legal principal was echoed in *Braun v. U.S. Department of Interior*, 288 F.Supp.3d 293, 298 (D.D.C. 2018), wherein the D.C. District Court held:

> . . . "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam). This

"analysis is equally applicable to allegations of improper handling of a complaint by the EEO office of a federal agency, which provides a function analogous to the EEOC." *Koch v. White*, 967 F.Supp.2d 326, 336 (D.D.C. 2013). Rather, if a federal employee believes that his administrative employment-discrimination claim was mishandled, his remedy is to file an employment-discrimination suit against the relevant agency in federal district court. *See id*. All of Braun's claims against the EEOC are based on allegations of misconduct by the administrative judge and the EEOC in handling Braun's discrimination claims. Braun therefore does not assert a valid cause of action against the EEOC, and so those claims must be dismissed.

Here, neither the EEOC nor the administrative judge has been named as a defendant in this lawsuit. However, the plaintiff alleges claims relating to the conduct of the EEOC and the judge during the administrative process. To the extent that the claims could be couched in terms of alleged liability against the Postal Service, the undersigned concludes that the plaintiff has not provided a factual basis to assert that a sovereign immunity waiver has been obtained with regard to the claims concerning the Postal Service's EEO Process and the EEOC Administrative Judge. Because of this, the undersigned finds that this Court lacks subject matter jurisdiction over these claims, and they should be dismissed.

### B. Claims Regarding Disparate Treatment

The standard for reviewing Rule 12(c) motions is the same standard used for reviewing a motion to dismiss under Rule 12(b)(6). *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir. 2004). Rule 12(b)(6) allows for dismissal if a plaintiff fails to

"state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(c), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Iqbal,* 129 S.Ct. at 1949. It does not need to contain detailed factual allegations, but must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id*. The face of the complaint itself must contain enough factual matter to raise a reasonable expectation that any discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If it appears that there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be

dismissed. *Twombly*, 550 U.S. at 555; *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir.2007).

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002), *quoting Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Such a motion is therefore "specifically designed to facilitate" an inquiry into "the interpretation and construction of the [law]" where "[t]he facts of the instant case are not in dispute." *Hebert Abstract*, 914 F.2d at 76 (internal citation omitted).

In her Amended Complaint, the plaintiff uses the terms "mixed motive," "hostile work environment," and "retaliation or reprisal" in several instances. Because of this, in its motion, the defendant asserts that it is not clear whether the plaintiff is asserting a gender discrimination claim under a disparate treatment theory or a hostile work environment claim based upon her gender. The defendant argues that, to the extent the plaintiff is alleging a discrimination claim based upon disparate treatment, it should be dismissed.

Under the disparate treatment theory, the plaintiff bears the initial burden of proving a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*,

411 U.S. 792, 802, 83 S.Ct. 1817 (1973). "To establish a prima facie case of discrimination in employment under Title VII, an employee must demonstrate that she (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Caldwell v. Lozano*, 689 F. App'x 315, 321 (5th Cir. 2017). The Fifth Circuit has held that a plaintiff's subjective belief that she was discriminated against is insufficient to establish a *prima facie* case of discrimination under Title VII, the TCHRA, or the ADEA. *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 734 (S.D. Tex. 2014), *citing Vasquez v. Nueces County, Texas,* 551 Fed. Appx. 91, 2013 WL 6670973, at *2 (5th Cir. Dec. 19, 2013). *See also Baltazor v. Holmes,* 162 F.3d 368, 377 n. 11 (5th Cir. 1998).

"With respect to the 'similarly situated employees' requirement, a plaintiff must show that he was treated less favorably than others under nearly identical circumstances." *Morris v. Town of Independence*, 827 F.3d 396, 401 (5th Cir. 2016). The Fifth Circuit defines "similarly situated" narrowly. *See, e.g., Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005).

Here, although the plaintiff alleges that she is a member of a protected class

11

(sex or gender) and that she was terminated from the Postal Service, which qualifies as an adverse employment action, the Amended Complaint fails to allege any facts to demonstrate that the plaintiff was treated differently than similarly situated persons who were not members of the protected group (females). According to the plaintiff's allegations, she had an antagonistic working relationship with her supervisor, Brandon Batiste, and plant manager, Mike Gardner. However, the Amended Complaint fails to set forth any facts demonstrating that Batiste or Gardner treated the plaintiff differently from male employees or that male employees received favorable treatment. Importantly, although the plaintiff alleges that she believed and was "certain" that she was being discriminated against, she acknowledges in her Amended Complaint that she lacked "similarly-situation" information."[1] It is well-settled that the plaintiff's subjective belief that she was discriminated against is insufficient to establish a *prima facie* case of discrimination under Title VII. Because the plaintiff has not pled sufficient facts demonstrating that she was treated differently from similarly situated individuals, she fails to state a plausible claim of discrimination due to disparate treatment. To the extent this claim was pled, it should be dismissed.

---

1 *See* Amended Complaint, Doc. 9, at para. 3.

### C. Claims Regarding Retaliation and Reprisal

The defendant argues that to the extent the plaintiff has attempted to plead a claim for retaliation, this claim should also be dismissed under Rule 12(c).

42 U.S.C. § 2000e-3(a), Title VII's anti-retaliation provision, states:

> "It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

42 U.S.C. § 2000e-3(a).

Retaliation claims under Title VII are governed by the *McDonnell Douglas* test. *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 388 (5th Cir. 2007), *citing Septimus v. Univ. of Houston,* 399 F.3d 601, 608 (5th Cir. 2005); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that test, an employee bringing a retaliation claim must first produce evidence of a *prima facie* case of retaliation. *Septimus,* 399 F.3d at 608. To establish a *prima facie* case of retaliation, an employee must demonstrate that (1) she engaged in an activity that Title VII protects; (2) she was subjected to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *LeMaire*, 480 F.3d at 388, *citing Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005).

Review of the Amended Complaint shows that although the plaintiff uses the words "retaliation" and "reprisal" in a handful of places within the complaint, the plaintiff does not allege any facts to support her claim, and does not allege any activity or conduct on the part of the defendant that took place prior to the time that the plaintiff filed her EEOC charge. For example, in Paragraph 13 of her Amended Complaint, the plaintiff, referencing Batiste's EEOC affidavit, alleges that "Brandon Batiste . . . avowed that it was Batiste who 'investigated' Fenelon's retaliatory hostile workplace environment claims . . ." The Amended Complaint does not allege *facts* supporting a claim of retaliation itself, but appears to reference the activity of the defendant after the plaintiff filed a complaint of retaliation.[2] In short, none of the allegations in the Amended Complaint reference the activity or conduct of the defendant prior to the time that the plaintiff filed her EEOC charge. Indeed, the majority of the allegations in the Amended Complaint refer to the alleged unfairness of the Postal Service's EEO process.

Because the plaintiff fails to allege facts supporting a claim of retaliation, the undersigned concludes that the plaintiff fails to state a prima facie case of retaliation under Title VII, and this claim should be dismissed.

---

[2] *See* also Doc. 9 at ¶19 ("when Batiste took it upon himself to investigate Fenelon's retaliatory hostile workplace environment claims"); Doc. 9 at ¶40 ("As a direct result of Defendant's unlawful employment practices, discrimination and reprisals, Plaintiff suffered. . .").

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Motion for Partial Dismissal Under Fed. R. Civ. P. 12(b)(1) and Rule 12(c) [Doc. 51] be **GRANTED.** The plaintiff's claims regarding the EEO Process and EEOC administrative judge should be DISMISSED WITH PREJUDICE, as the Court lacks subject matter jurisdiction over such claims. The plaintiff's claims for disparate treatment discrimination and retaliation should be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 30th day of December, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE